**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 3:12-cr-00051-RCJ-VPC |
| vs. | ) | |
| | ) | |
| ADAM SCOTT, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

A grand jury indicted Defendant Adam Scott of two counts each of assault with a dangerous weapon, 18 U.S.C. § 113(a)(3),[1] and use of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A), based on Scott having shot a firearm at several Indian victims (one of whom was struck in the abdomen) on the Fort McDermitt Indian Colony. (*See* Indictment, ECF No. 8). Defendant pled guilty to one charge under § 924(c)(1)(A) pursuant to a plea agreement, and the Court sentenced him to ten years imprisonment. (*See* J. 1–2, ECF No. 30). Defendant did not appeal and in fact waived all appeals or collateral attacks, including habeas corpus motions under 28 U.S.C. § 2255, except claims of ineffective assistance of counsel. (*See* Plea Agreement 8, ECF No. 24). Defendant has now filed a habeas corpus motion under § 2255.

As noted, the right to bring the present motion has been waived. Even if not waived, however, the claim would be without merit. Defendant argues the assault with a dangerous

---

[1] The Government used the word "deadly" in the Indictment, but the statute uses the word "dangerous."

weapon charged in Count 1 that formed the basis for his conviction under Count 2 was not a "crime of violence" under 18 U.S.C. § 924(c)(3) because the residual clause defining "crime of violence" is similar to the residual clause of § 924(e)(2), which the Supreme Court has struck down as unconstitutionally vague. *See Johnson v. United States (Johnson II)*, 135 S. Ct. 2551, 2563 (2015). The definition of "crime of violence" applied to Defendant reads as follows, with the allegedly unconstitutionally vague residual clause emphasized:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (B) *that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*

18 U.S.C. § 924(c)(3)(A)–(B) (emphasis added). The definition of "violent felony" at issue in *Johnson II* reads as follows, with the unconstitutionally vague residual clause emphasized:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*

*Id.* § 924(e)(2)(B)(i)–(ii) (emphasis added). The language of the two clauses is not identical, but even assuming for the sake of argument that the difference in language is not enough to rescue § 924(c)(3)(B) from constitutional infirmity, *Johnson II* is no aid to Defendant, because the physical-force clause of § 924(c)(3)(A) applies here.

Assault with a dangerous weapon under § 113(a)(3) "has as an element the use, attempted

use, or threatened use of physical force against the person of another," *id.* § 924(c)(3)(A), so long as by "assault" Congress meant what is meant under the common law. It did:

> Because § 113 does not define "assault," we have adopted the common law definitions: (1) "a willful attempt to inflict injury upon the person of another," also known as "an attempt to commit a battery," or (2) "a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm."

*United States v. Lewellyn*, 481 F.3d 695, 697 (9th Cir. 2007) (citing *United States v. Juvenile Male*, 930 F.2d 727, 728 (9th Cir. 1991); *United States v. Dupree*, 544 F.2d 1050, 1051 (9th Cir. 1976)). Either of these two ways of committing an assault under § 113(a)(3) qualifies as a crime of violence under § 924(c)(3)(A), because they include as elements the attempt or threat to inflict injury upon the person of another, respectively. A conviction under § 113(a)(3) also necessitates a threat of "violent" force, *see Johnson v. United States (Johnson I)*, 559 U.S. 133, 140 (2010) ("We think it clear that . . . the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person."), because the threat must be made by means of a "dangerous weapon," *see* 18 U.S.C. § 113(a)(3).

Force with a "dangerous weapon" is force necessarily capable of causing physical pain or injury. The Courts of Appeals to address the issue have uniformly ruled that assault- or battery-type crimes containing a dangerous weapon-type element necessarily satisfy *Johnson I*'s requirement that any force used, attempted, or threatened be "violent." *See United States v. Whindleton*, 797 F.3d 105, 111–16 (1st Cir. 2015); *United States v. Ovalle-Chun*, 815 F.3d 222, 225–27 (5th Cir. 2016); *United States v. Anderson*, 695 F.3d 390, 399–401 (6th Cir. 2012); *United States v. Vinton*, 631 F.3d 476, 485–86 (8th Cir.), *cert. denied*, 132 S. Ct. 213 (2011); *United States v. Taylor*, --- F. 3d ----, 2016 WL 7187303, at *6 (10th Cir. 2016); *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1341 (11th Cir. 2013); *United States v. Redrick*, 841 F.3d 478, 484 (D.C. Cir. 2016). Assault with a deadly weapon under § 113(a)(3) requires

the assault to be committed "with" the deadly weapon; there can be no conviction simply because one is armed with a deadly weapon while committing a simple assault or battery not involving the weapon. *Cf. United States v. Werle*, 815 F.3d 614, 622 (9th Cir. 2016). Because the physical force clause applies to Defendant's offense, and because the offense requires "violent" force, neither *Johnson I* nor *Johnson II* is any aid to Defendant.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF Nos. 32, 33) are DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated January 4, 2017.

_____
ROBERT C. JONES
United States District Judge